## IN THE MATTER OF THE APPEAL OF AMOS KOKI FROM A RULING OF THE AUDITOR OF THE TERRITORY OF HAWAII.

### No. 1210.

TRIED MARCH 16, 1920.                    DECIDED APRIL 6, 1920.

### COKE, C. J., KEMP AND EDINGS, JJ.

TERRITORIES—*limitation on legislative power.*

> An appropriation of money by the legislature to pay to a defaulting homesteader any sum in excess of the value of his improvements as legally ascertained would amount to a gift or gratuity and is void.

PAYMENT—*fund from which payment is made not material.*

> A payment by the Territory to one for whose benefit the legislature has made an appropriation, although not paid out of the fund contemplated by the appropriating act, will nevertheless be applied as a credit upon the amount appropriated when it appears that the payment was made on account of the claim for which the appropriation was made.

### OPINION OF THE JUSTICES.

This is an appeal to the justices under section 1406 R. L. 1915 by Amos Koki from a decision and ruling of the auditor of the Territory of Hawaii refusing to issue a warrant on the treasurer of the Territory of Hawaii to the appellant in the sum of $573 as demanded by him. The appellant was the holder of special homestead agreement No. 1037, lot 113 of the Puukapu homesteads, Waimea, Kohala, Hawaii, which was duly canceled because of failure on the part of appellant to comply with the terms and conditions thereof. After the cancelation of said homestead agreement the sub-land agent for the land district acting by himself, and without the assistance of another appraiser as required by section 414 R. L. 1915, appraised the permanent improvements on said homestead

as being of the value of $551. The land covered by said homestead agreement No. 1037 was subsequently allotted to a succeeding homesteader, who, as required by law, paid to the commissioner of public lands the sum of $551. Subsequently, the error in the method of appraisement having been discovered, a reappraisement was made by two appraisers as required by law and the value of the permanent improvements placed on said homestead by appellant was fixed at $573. The succeeding homesteader having been put in possession of the premises was required to pay only the amount of the first appraisement or $551, and the Territory having no funds with which to pay to appellant a greater sum than $551 was unable to pay the amount found by the second appraisement. Thereafter the legislature of the Territory of Hawaii at its 1919 session by section 2 of Act 231, appropriated $573 to be paid out of any money in the treasury of the Territory of Hawaii "to pay in full the claim of Amos Koki of Waimea, County of Hawaii, for amount paid, upon adjustment of the value of the improvements put on the premises by said Amos Koki on lot 113, Puukapu homesteads, second series, Waimea, Kohala, Hawaii." Section 3 of said act provides that the auditor shall not issue warrants in payment of the above amounts unless receipts in full are filed therefor and the same are approved by the commissioner of public lands. Since the enactment of the above section the treasurer of the Territory has paid to the appellant the sum of $551. This payment was made upon a warrant drawn by the auditor against "Special Accounts" and designated "Improvements on Lands" and has attached thereto the requisition of the commissioner of public lands. The purpose of the payment is shown by the requisition, the body of which is as follows: "To Amt. on deposit for improvements Lot 113 Puukapu Hmstds., formerly held by Amos Koki

under S. H. A. 1037 same being paid in by Joseph Pai present occupier under S. H. A. 1473.........$551.00"
At the time of this payment the appellant executed a receipt, which, omitting formal parts, is as follows: "I hereby acknowledge receipt of the sum of Five Hundred Fifty One Dollars ($551) for improvements on homestead lot at Puukapu, South Kohala, Hawaii, and hereby agree that the payment of this sum in no way affects the question of the amount due me from the Territory as set forth in section 2 of Act 231 of the Session Laws of 1919."

The appellant now demands in addition to the $551 so paid to him the further sum of $573 appropriated by said Act 231. It is the contention of the auditor "That if the appropriation made by the legislature of the Territory of Hawaii as set forth in said section 2 of Act 231, shall be regarded as an appropriation by the legislature to pay to Amos Koki a sum in addition to that which was fixed by the said appraisers pursuant to law, then said appropriation by the said legislature was illegal and invalid as being a gratuity or gift and beyond the legislative power of the territorial legislature," and "that if the said appropriation as set forth in said act shall be regarded as an attempt on the part of the legislature to appropriate for the benefit of the said Amos Koki as an outgoing homesteader, a sum in addition to that which is provided for by the land laws of the Territory of Hawaii, then such attempted legislation on the part of the territorial legislature was illegal and void and beyond the legislative power of the territorial legislature."

Section 414 R. L. 1915 provides *inter alia* that in case a homestead lease is surrendered, forfeited or escheats to the government, if such premises are held open for settlement the unimproved value thereof and the value of the permanent improvements thereon shall be appraised separately. The appraisement shall be made by a board

consisting of the sub-agent and another person to be appointed by the commissioner. If the premises shall be disposed of under the provisions relating to homestead leases or right of purchase leases the new tenant shall pay for such permanent improvements in cash upon receiving his certificate of occupation or lease. Section 427 R. L. 1915 provides for payment of the amount received from the incoming tenant as provided in section 414 to the surrendering tenant or freeholder who has forfeited or surrendered his lease or freehold to the government.

Assuming, as have the parties hereto, that the provisions of the statute apply to special homestead agreements at least a moral obligation was placed upon the Territory to have the permanent improvements on the forfeited premises appraised and to collect from the incoming tenant the amount of the appraised value of such improvements and to pay such amount when so received over to the surrendering lessee or freeholder. These provisions were a part of the land act of 1895 and were by section 73 of the Organic Act continued in force until Congress shall otherwise provide. Congress has not otherwise provided so these provisions of the law remain a part of the Organic Act of the Territory which cannot be changed or modified by the legislature. But for these provisions of the statute there would be no obligation upon the Territory to see that the appellant was paid anything for the improvements placed by him upon the homestead which he by his failure to comply with the terms of his agreement permitted to be forfeited to the government. The limit of the obligation placed upon the Territory by the statute is to see that he receives for said improvements their appraised value, and that the appraisement is made in accordance with the provisions of said statute. The reappraisement was made in accordance with the statute and the valuation was fixed at $573.

Any appropriation by the legislature which has the purpose of giving to the appellant out of the money raised by taxation any sum in excess of the value of said improvement as legally ascertained would amount to a gift or gratuity and would be void. It is fundamental that it is beyond the power of the legislature to authorize the expenditure of money raised by taxation by way of gift or gratuity to individuals in the absence of, at least, a moral obligation to support the appropriation. *In re Cummins,* 20 Haw. 518-529 and cases cited.

If, as has been argued, the value of the improvements was greatly in excess of $573, as legally ascertained, still there is no obligation either legal or moral upon the public to make up out of its funds the loss to the appellant occasioned solely by his own default. Appellant's homestead agreement was canceled for failure on his part to comply with the conditions thereof. If the legislature has the right under these conditions to inquire into the correctness of the appraisement when legally made and appropriate public moneys to pay to defaulting homesteaders the amount which it finds to be the value of such improvements then every homesteader who permits his homestead to be forfeited for noncompliance with his agreement or for any other reason would be authorized to go before the legislature and have his claim reexamined and have the public make good the loss occasioned by his own default. The power of ascertaining the value of improvements placed upon a homestead which has been forfeited has been lodged by Congress in the executive branch of the territorial government and it is beyond the power of the legislature to reexamine what has been legally done by the executive.

We think that the action of the auditor in refusing to issue the warrant in question must be upheld on another theory as well as the one we have discussed. From

the wording of the act it appears that the appropriation of $573 was to "pay in full" the claim of Amos Koki, etc. Since the act was passed the Territory has paid him $551. True it was paid out of a special account and the receipt executed by appellant provided that this payment should in no way affect his rights under the appropriation. The payment was made, however, by the territorial treasurer upon a warrant drawn by the auditor in compliance with the requisition of the commissioner of public lands. The money paid to him was territorial money as much as any other money in the territorial treasury and the fact that payment was made out of a fund not contemplated by the appropriating act should not prevent the payment from applying on the amount which the legislature said was for "payment in full" of his claim. It appears from the opinion of the attorney general of the Territory delivered to the commissioner of public lands and attached to the return of the auditor as an exhibit that when the claim of appellant was presented to the legislature the senate by resolution required the commissioner of public lands to have his improvements reappraised and that pursuant to said resolution the reappraisement was made and their value determined to be $573. This fact is not controverted by appellant. In view of this action it is significant that the appropriation was for the exact amount of the reappraisement. It seems to us to be conclusive that the legislature respected the reappraisement, as it was bound to do, and did not intend that appellant should receive the $551 and in addition thereto receive the $573 appropriated.

It has been argued that the $551 paid to appellant was not territorial money and for that reason cannot be considered as a payment on account of the appropriation. We do not agree that it was not territorial money. If

not used for the purpose for which it was collected it would remain in the territorial treasury subject to disposal by the legislature.

We conclude that if the act should be construed as an attempt of the legislature to appropriate for the benefit of appellant any sum in excess of the legally appraised value of his improvements it was and is beyond the power of the legislature to enact. For that reason and from the plain import of the act itself we think the intention of the legislature was that appellant should receive from the Territory the value of the improvements as fixed by the reappraisement and no more.

The auditor in his return has expressed his willingness to issue a warrant for $22, the difference between the amount already paid and the appropriation. This is all that appellant is entitled to at this time.

The decision and ruling of the auditor declining to issue a warrant for $573 is therefore sustained but if necessary an order will be made directing the auditor to issue a warrant for $22 when the provisions of section 3 of said Act 231 have been complied with.

*H. L. Grace* for appellant.

*J. Lightfoot,* Deputy Attorney General, for appellee.